UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-92-KAC-DCP |
| | ) | |
| ALLEN SMITH, and | ) | |
| ROBERT DEAN WILSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED[1] MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Allen Smith's Motion to Continue Trial and All Related Deadlines [Doc. 33], filed on September 26, 2025.

Defendant requests the Court to continue the trial date set for October 28, 2025, and all related deadlines in this matter [*Id.*]. In support of the motion, Defendant states that he was indicted on August 20, 2025 [*Id.* ¶ 1]. Defendant's retained counsel filed a notice of appearance in the matter on September 8, 2025 [*Id.* ¶ 4]. Defendant states that discovery consists of not less than fifteen gigabytes of data [*Id.* ¶ 5]. Defendant's counsel has begun his review of discovery and conducted research but does not have sufficient time to completely review the discovery, conduct legal research, draft and file the appropriate pretrial motions, and be ready for trial [*Id.*]. Defendant's counsel states that he needs additional time to engage in meaningful negotiations with the Government and prepare for trial in the event this matter cannot be resolved [*Id.*]. Defendant's

---

[1] This Memorandum and Order originally entered on October 6, 2025 [Doc. 36], is amended to include deadlines for pretrial motions and responses, which are added on page 3 below.

motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 7]. Defendant consents to the motion to continue with the understanding that the time between filing this motion and the trial date will be excludable for speedy trial purposes [*Id.* ¶ 6]. Codefendant Robert Dean Wilson, Jr. joined in Defendant's motion to continue and similarly agreed that the time between this motion and the trial date is excludable for speedy trial act purposes [Doc. 35 p. 1].

Based upon the information in Defendant's motion and because the Government and Codefendant Robert Dean Wilson, Jr. do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs for more time to review, discuss, research discovery, file pretrial motions, consider a plea agreement, otherwise prepare for trial. The Court finds that all of this cannot occur before the October 28, 2025 trial date.

The Court therefore **GRANTS** Defendant Allen Smith's Motion to Continue Trial and All Related Deadlines [**Doc. 33**]. The trial of this case is reset to **March 10, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 26, 2025, and the new trial date

is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Allen Smith's Motion to Continue Trial and All Related Deadlines [**Doc. 33**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 10, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 26, 2025**, and the new trial date of **March 10, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **October 31, 2025**. Responses to pretrial motions are due on or before **November 13, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 10, 2026**;

(6) the deadline for filing motions *in limine* is **February 23, 2026**, and responses to motions *in limine* are due on or before **March 3, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **February 24, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 27, 2026.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge