UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-92-KAC-DCP |
| | ) | |
| ALLEN SMITH and | ) | |
| ROBERT DEAN WILSON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Robert Dean Wilson, Jr.'s Motion to Continue [Doc. 53], which was filed on February 10, 2026.

Defendant Wilson asks the Court to continue the trial and deadlines in his case [*Id*. at 1]. In support of his motion, Defendant asserts he is waiting on discovery production, namely the laboratory reports, which he says contain information necessary to the plea negotiations in his case [*Id.* ¶ 2]. Additionally, Defendant states until this information is produced, the parties are at a standstill [*Id.*].

Defendant's motion reflects counsel for Co-defendant Smith does not object to this motion [*Id.* ¶ 3]. Counsel for Co-defendant Smith also emailed the undersigned's chambers to confirm no opposition and that he joins the motion seeking extension of deadlines. Defendant's motion also states the Government does not object to the requested continuance [*Id*. ¶ 4]. Counsel for Defendant Wilson confirms he agrees the period of time between the filing of this motion and a

rescheduled trial date is excludable under the Speedy Trial Act. [*Id.* ¶ 6]. Counsel for Co-defendant Smith confirmed via email he also understands his speedy trial rights.

Based upon the information in Defendant's motion and because the Government and Co-Defendant Smith do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, the parties need additional time to receive discovery, prepare motions, explore potential resolution, and, if unsuccessful, prepare for trial. The Court finds that this cannot occur before the March 10, 2026, trial date.

The Court therefore **GRANTS** Defendant Wilson's Motion to Continue [**Doc. 53**]. The trial date is reset to **June 23, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on February 10, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue [**Doc. 53**] is **GRANTED**;

(2) the trial date is reset to commence on **June 23, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 10, 2026**, and the new trial date of **June 23, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is on or before **March 23, 2026**, and responses to pretrial motions are due on or before **April 7, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 26, 2026**;

(6) the deadline for filing motions *in limine* is **June 8, 2026**, and responses to motions *in limine* are due on or before **June 15, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **June 9, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 13, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge